# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3100-22

RK NEWARK 2 DOE,

    Plaintiff-Appellant,

v.

ROMAN CATHOLIC
ARCHDIOCESE OF NEWARK
its priests, reverends, brothers,
teachers, deacons, directors,
officers, employees, agents,
servants, representatives, members,
and/or volunteers, and
ST. FRANCIS OF ASSISI PARISH
f/d/b/a ST. FRANCIS CATHOLIC
SCHOOL f/d/b/a ST. FRANCIS OF
ASSISI CATHOLIC SCHOOL,

    Defendants-Respondents.

_____

Argued May 1, 2024 — Decided December 31, 2024

Before Judges Vernoia, Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-9070-21.

Caroline McMahon argued the cause for appellant (Robins Kaplan LLP, attorneys; Caroline McMahon and Rayna E. Kessler, on the briefs).

Christopher H. Westrick and Megan A. Natale argued the cause for respondents Roman Catholic Archdiocese of Newark and St. Francis Catholic Church[1] (Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, attorneys; Christopher H. Westrick, of counsel and on the briefs; Sean M. Kiley, John G. Esmerado, and Megan A. Natale, on the briefs).

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

Plaintiff appeals from the dismissal with prejudice of her complaint against defendants the Roman Catholic Archdiocese of Newark (the Archdiocese) and St. Francis Catholic Church, Ridgefield Park (the Church defendants) based on a finding that the alleged minor-on-minor sexual abuse is not actionable under the Child Victims Act Amendments (CVA or revival statute), N.J.S.A. 2A:14-2(a) to -2(c), or the New Jersey Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1. Plaintiff and the perpetrators who allegedly sexually assaulted her were minors at the time of the alleged assaults. Plaintiff

---

[1] St. Francis Catholic Church, Ridgefield Park is improperly pleaded in the complaint as "St. Francis of Assisi Parish [formerly doing business as] St. Francis Catholic School [formerly doing business as] St. Francis of Assisi Catholic School."

argues: defendants' negligent supervision of school officials caused her injuries; her negligent-supervision claim may proceed under the CVA; and the trial court erred by finding plaintiff's negligent-supervision claim could not proceed under the CVA; and excluding her claim from the scope of the revival statute contradicts its legislative purpose.

Following oral argument, the court granted defendants' motion to dismiss with prejudice pursuant to Rule 4:6-2(e). Plaintiff subsequently filed a motion for reconsideration, which the court denied after hearing argument. We reverse both orders.

Plaintiff, an adult, alleges that in 1978, when she was a thirteen-year-old middle-school student, she was the victim of repeated sexual assaults perpetrated by her classmates. Plaintiff and her alleged abusers were minors at the times she was assaulted. Although these events are alleged to have taken place in 1978, plaintiff filed the instant complaint on November 29, 2021, pursuant to the CVA's statutory extension of the statute of limitations for injuries resulting from sexual assaults.

The CVA "extend[ed the] statute of limitations in civil actions for sexual abuse claims; expand[ed] categories of potential defendants in civil actions;

3 <span>A-3100-22</span>

[and] create[d a] two-year window for parties to bring previously time-barred actions based on sexual abuse." S. 477 (2018); N.J.S.A. 2A:14-2(b).

The other statute relevant to this appeal is the CSAA, which authorizes civil actions for illness and injury based on sexual abuse, N.J.S.A. 2A:61B-1(b), and defines "sexual abuse" as "an act of sexual contact or sexual penetration between a child under the age of [eighteen] years and an adult. A . . . person standing in loco parentis within the household who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse . . . ." N.J.S.A. 2A:61B-1(a)(1). Thus, the statute imposes liability on both "active" and "passive" sexual abusers. Hardwicke v. Am. Boychoir Sch., 188 N.J. 69, 86 (2006).

In her complaint plaintiff alleged the following causes of action: (1) negligence and/or gross negligence; (2) negligent and/or grossly negligent hiring, training, and supervision; (3) negligent and/or grossly negligent retention; (4) negligent infliction of emotional distress; and (5) punitive damages.

The causes of action are based on plaintiff's claims that defendants "permitted and acquiesced in the sexual abuse of plaintiff . . . on school grounds . . . ." Plaintiff alleged she was the victim of repeated, daily sexual assaults by

4

her classmates over the course of many months. She detailed one particular assault that occurred on school property where a large group of students surrounded her, placed her in a chokehold, covered her mouth, restrained her legs and arms, and took turns touching her breasts and forcibly penetrating her vagina. Plaintiff alleged that this sexual assault occurred in the presence of Sister Catherine, the school's former principal and seminarian. She further alleged that immediately after this assault, Sister Catherine told her she should be ashamed of herself and to go to the bathroom and clean herself up.

Plaintiff further alleged defendant, the Archdiocese, employed and retained Sister Catherine and "gave her access to, and control and supervision over, children, including [p]laintiff." Plaintiff also averred Sister Catherine and defendants knew or should have known that she was the victim of repeated sexual assaults and knew or should have known there were "numerous students who had sexually abused, and/or were sexually abusing, children, including [p]laintiff."

Lastly, plaintiff avers defendants owed her a duty of reasonable care to protect her from harm and their actions and inaction created a foreseeable risk of harm to her. Plaintiff alleged neither Sister Catherine nor any other school agent ever did or said anything about the sexual assaults that she had endured.

5

The Church defendants denied the allegations of sexual assault in the complaint and filed a third-party complaint against the Estate of Sister Catherine.

Defendants moved for dismissal of plaintiff's complaint based on a failure to state a claim under Rule 4:6-2(e), arguing that there was no active sexual abuser under the CSAA because the perpetrators of the alleged sexual assaults were minors at the time and New Jersey does not recognize minor-on-minor sexual assault; therefore, according to defendants, plaintiff's claims were not actionable. In their brief, defendants further argued that "[a]t most, [plaintiff's] complaint alleges [Sister Catherine], and only [Sister Catherine], was a passive abuser" and that "[g]iven the absence of an active sexual abuser, pursuant to the [CSAA], [Sister Catherine] cannot be a passive abuser." Defendants further contended the statutory authority relaxing the prior statute of limitations for child victims of sexual abuse, the CSAA, limits claims to injuries resulting from the commission of three forms of sexual misconduct: "1) sexual abuse as defined in N.J.S.A. 2A:61B-1; 2) a prohibited sexual act as defined in N.J.S.A. 2A:30B-2; or 3) any other crime of a sexual nature." Defendants further pointed out that the CSAA defines the term "sexual abuse" as acts of "sexual contact or sexual penetration between a child under the age of 18 years and an adult."

A-3100-22

Plaintiff opposed the motion, asserting that the lack of supervision and supervisory procedures to prevent the sexual assaults were the grounds for her negligent-supervision claim, and "[t]his civil claim for the harm she suffered trigger[ed] the application of [the CVA]."

At oral argument on defendants' motion to dismiss, the court largely focused on plaintiff's age when the assaults occurred and the age of the students plaintiff claimed had sexually assaulted her. The argument focused on active versus passive abuse under the CSAA. Defendants' counsel argued that minor-on-minor abuse has no "active abuser" and that plaintiff's case must fail because the presence of an active abuser to whom liability can attach is required under the CSAA.

In addressing the three forms of sexual-misconduct claims encompassed by the CSAA, defendants' counsel asserted that plaintiff's injury could not proceed under "sexual abuse" because plaintiff had not been sexually abused by an adult, nor could it proceed under "child pornography" because "nothing in the complaint [alleged] that it [was] recorded by [Sister Catherine] or it was disseminated in any way." Defense counsel argued plaintiff had not pled "sexual assault or any other crime of a sexual nature" because "[f]or the act to be considered a crime, it's our position that it must be committed by an adult."

Counsel listed the elements of the crime of aggravated sexual assault under N.J.S.A. 2C:14-2. In conclusion, defendants' counsel emphasized that the CSAA does not reference any criminal code that encompasses the type of offense committed against plaintiff, and therefore the complaint must be dismissed.

Plaintiff's counsel, however, responded that the CVA's two-year window for individuals to revive previously time-barred claims revives all crimes of a sexual nature, not just those three forms of sexual misconduct encompassed in the CSAA. Plaintiff's counsel also argued that defendant failed to recognize that a person actively commits the offense of aggravated sexual assault under N.J.S.A. 2C:14-2, by aiding or abetting another in the commission of the crime, N.J.S.A. 2C:14-2(a)(5), and, thus, the crime committed against plaintiff was revived under the CVA.

In response, defendants' counsel reiterated his argument that the abuse committed against plaintiff cannot be revived because it was not committed by an adult, and then, directly addressing plaintiff's N.J.S.A. 2C:14-2(a)(5) argument, claimed that the conduct could not fall under that sub-section's definition of aggravated sexual assault because plaintiff did not claim she had

sustained personal injury.[2]  Defendant's counsel, once again, asserted New Jersey's criminal statutes only "apply to active abusers" and "in order for [plaintiff's] interpretation [under N.J.S.A. 2C:14-2(a)(5)] to be applicable here, it would have [had] to [have been] Sister Catherine [] committing these acts and/or somebody else above the age of 18 upon the plaintiff."  Defendants' counsel argued Sister Catherine's awareness of the abuse does not amount to aiding and abetting, stating that to have aided and abetted, Sister Catherine would have had to "cordoned off a room specifically at the school, called down the minor abusers, and then called down plaintiff and facilitated the abuse."

Following oral argument, the court found "that but for the uncertainty of the age of any of the alleged active perpetrators of the alleged sexual abuse, the motion to dismiss would be granted"; however, pursuant to the parties' request to allow time for limited discovery on the age question, the court did not issue its written statement of reasons or an order until approximately one month later,

---

[2]  Defendants appear to have abandoned this argument on appeal.  It is absent from their brief.  We limit our review to those issues raised in defendants' brief. See Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (declining to reach an issue plaintiff had failed to raise or brief on appeal), aff'd as modified, 252 N.J. 265 (2022; N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (finding "[a]n issue that is not briefed is deemed waived upon appeal")).

after plaintiff failed to provide additional submissions proving the perpetrators were over the age of eighteen.

In its written statement of reasons, the court found minor-on-minor sexual abuse is not actionable under the CVA and that there was no evidence to establish the active perpetrators were over eighteen years old. Accordingly, on March 3, 2023 the court issued an order dismissing plaintiff's complaint with prejudice.

Plaintiff moved for reconsideration, arguing that the court had failed to consider her common law claim of negligent supervision and how the CVA revived it. Defendants opposed plaintiff's motion for reconsideration, stating that the court's decision was legally sound. Plaintiff's counsel admitted that limited discovery revealed it was "likely not the case" that any of plaintiff's aggressors were over eighteen years old, but argued that even so, plaintiff's common law claim of negligent supervision should be revived under N.J.S.A. 2A:14-2(b).

The court, however, asked "what is the negligent supervision tied to?," telling counsel that N.J.S.A. 2A:14-2(b) would not revive an "independent claim" of negligent supervision unless it was tied to a crime of a sexual nature or sexual assault or sexual abuse. Plaintiff's counsel responded that "the basis

10

is that the defendants had failed to establish and enforce supervisory procedures that caused plaintiff's assault. So [the negligent-supervision claim] is directly related to" the sexual assaults of plaintiff. The judge asked "[h]ow does it get from the statute [N.J.S.A. 2A:14-2(b)] over here to the common law claim of negligent supervision? I'm not following the path." Defendants' counsel then emphasized that "the [sexual assault criminal] statute states an actor is guilty of sexual assault if the actor commits an act of sexual penetration" and that under this definition, Sister Catherine was not an actor guilty of sexual assault, that plaintiff's complaint did not allege "that [Sister Catherine] facilitated or did something in some manner," and that plaintiff thus had failed to support the negligent-supervision claim with any viable sexual-assault claim. The court agreed with defendants and denied the reconsideration motion in a May 1, 2023 order.

On appeal, plaintiff raises the following points for our consideration:

POINT I

DEFENDANTS' NEGLIGENT SUPERVISION OF SCHOOL OFFICIALS, INCLUDING SISTER CATHERINE, CAUSED PLAINTIFF'S INJURIES

POINT II

PLAINTIFF'S NEGLIGENT SUPERVISION CLAIM MAY PROCEED UNDER N.J.S.A. 2A:14-2[b], WHICH REVIVES

11                                                                    A-3100-22

CLAIMS OF INJURIES RESULTING FROM CRIMES OF A SEXUAL NATURE

      A.    New Jersey's Revival Statute Resurrects Claims of Injuries from Crimes of a Sexual Nature.

      B.    Plaintiff Alleges Suffering Multiple Crimes of a Sexual Nature, Providing the Basis for Plaintiff's Negligent Supervision Claim Under New Jersey's Revival Statute.

      C.    Minors as Young as Fifteen May Be Held Criminally Liable in New Jersey.

POINT III

THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF'S NEGLIGENT SUPERVISION CLAIM COULD NOT PROCEED UNDER NEW JERSEY'S REVIVAL STATUTE

POINT IV

THE LEGISLATIVE HISTORY OF S477 REQUIRES A BROAD READING OF THE STATUTE THAT SUPPORTS INCLUSION OF PLAINTIFF'S CLAIMS

The trial court's decision on a motion to dismiss is reviewed de novo under Rule 4:6-2(e). Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). The proper focus of a motion to dismiss is on whether the plaintiff has pleaded a cause of action, not whether the plaintiff can prove what was pleaded. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Plaintiff is "entitled to every reasonable inference of fact." Ibid. The complaint is read liberally "to ascertain whether the fundament

12

of a cause of action may be gleaned even from an obscure statement of claim." Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957).

"Questions of statutory interpretation are also reviewed de novo." W.S. v. Hildreth, 252 N.J. 506, 518 (2023). Because "[t]here is no more persuasive evidence of legislative intent than the words by which the Legislature undertook to express its purpose," Perez v. Zagami, LLC, 218 N.J. 202, 209-10 (2014), this court must look first to the plain language of the statute, giving the "words their ordinary meaning absent any direction from the Legislature to the contrary," TAC Assocs. v. N.J. Dep't of Env't Prot., 202 N.J. 533, 541 (2010), "and read them in context with related provisions so as to give sense to the legislation as a whole," DiProspero v. Penn, 183 N.J. 477, 492 (2005).

"If the plain language leads to a clear and unambiguous result, then [the] interpretive process is over." TAC Assocs., 202 N.J. at 541 (alteration in original) (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007)). Only if the language is ambiguous and susceptible "to more than one plausible interpretation," DiProspero, 183 N.J. at 492, should this court turn to extrinsic evidence to "effectuate the legislative intent in light of the

A-3100-22

language used and the objects sought to be achieved," <u>Merin v. Maglaki</u>, 126 N.J. 430, 435 (1992) (quoting <u>State v. Maguire</u>, 84 N.J. 508, 514 (1980)).

Plaintiff maintains her claims against defendants are "straightforward common law claims for negligent supervision" based on defendants' lack of supervision and refusal to intervene to stop the assaults perpetrated against her. Plaintiff does not allege that she was sexually assaulted by any school official or defendant named in her complaint. Plaintiff cites to <u>Jerkins ex rel. Jerkins v. Anderson</u>, 191 N.J. 285, 296-98 (2007), in support of her argument that school officials and leaders must establish reasonable supervision practices to keep students safe throughout the school day, as well as <u>L.E. v. Plainfield Public School District</u>, 456 N.J. Super. 336, 348 (App. Div. 2018), where a student was sexually assaulted by other students and, several years later, brought a successful negligent-supervision claim against the school district and its employees because they had a responsibility to prevent "unwanted sexual encounters between students."

In contemplating the viability of plaintiff's common law claim for negligent supervision, stemming from her minor classmates' alleged sexual assaults of her, at issue is whether plaintiff's negligent-supervision claim is

permitted under the two-year filing window of the CVA and is actionable independently from a CSAA claim.

Defendants argue that the dismissal with prejudice of plaintiff's complaint must be affirmed because plaintiff fails to identify "an active abuser pursuant to N.J.S.A. 2A:61B-1(a)(1)." Further, defendants claim that "[m]inor on minor sexual abuse does not qualify as sexual abuse for purposes of the [CSAA]," therefore, [Sister Catherine] cannot be a passive abuser." They maintain that the revival statute extended the statute of limitations for injuries resulting from the commission of three independent forms of sexual misconduct: sexual abuse as defined in N.J.S.A. 2A:61B-1; a prohibited sexual act as defined in N.J.S.A. 2A:30B-2; or any other crime of a sexual nature. And, further, "the CSAA defines the term 'sexual abuse' as acts of sexual contact or sexual <u>penetration between a child under the age of 18 years and an adult</u>." Defendants further assert that "[t]he CSAA contemplates causes of action for child sex abuse in two (2) categories: 1) active abusers and 2) passive abusers. Both categories require an adult active abuser."

In considering the dismissal of plaintiff's common-law claims, we begin with a review of the relevant statutory language. The CVA statute provides that:

> Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-

2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury <u>resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1)</u>, that occurred prior to the effective date [Dec. 1, 2019] of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

[N.J.S.A. 2A:14-2b(a) (emphasis added).]

The plain language of the CVA makes clear that "an action at law" includes common-law and statutory claims. N.J.S.A. 2A:14-2(b). We examined this issue in <u>Doe v. Estate of C.V.O.</u>, 477 N.J. Super. 42, 50 (App. Div. 2023), <u>certif. denied</u>, 257 N.J. 232 <u>and</u> 257 N.J. 242 <u>and</u> 257 N.J. 259 (2024), where the plaintiff sued his parents' estates, alleging common-law negligence, negligent-supervision and statutory claims under the CSAA stemming from sexual assault against him when he was a minor by his then thirteen- or fourteen-year-old sister. The plaintiff claimed he had reported the sexual assault to his mother and "wrote a letter to his father describing" the sexual assault, but "neither took any action to prevent the continued abuse." <u>Ibid</u>. His CSAA claims against his parents alleged that they were passive abusers because they had "knowingly permitted or acquiesced in the sexual abuse.'" <u>Ibid.</u>

16

The defendants moved to dismiss the plaintiff's complaint for failure to state a claim, maintaining the CSAA provided a cause of action only for "sexual contact or sexual penetration between a child under the age of [eighteen] and an adult" and the CVA extended the statute of limitations only "where there [was], in fact, a viable claim under the CSAA." Id. at 51. The motion court found a cause of action did not exist for sexual abuse under the CSAA because plaintiff's abuser was not an adult, and the passive-abuser claims against his parents' estates failed because they were derivative. Id. at 49.

We affirmed the court's decision in part, finding "the CSAA's definition of sexual abuse required an act against a child by 'an adult'" and that "a passive abuser claim is derivative and cannot stand without a cause of action for sexual abuse by an adult." Id. at 58-59 (quoting N.J.S.A. 2A:61B-1(a)). We reversed in part on the issue of whether the plaintiff's common-law claims were precluded by the CSAA, concluding that those claims of negligence, gross negligence, and negligent infliction of emotional distress qualified for the statute-of-limitations extension under the CVA. Id. at 60-62. We reasoned "[t]he plain language of [the CVA] is clear that 'an action at law' includes common law and statutory claims. . . . Pursuant to the statute, a sexual assault action is a separately permitted 'action at law.'" Id. at 60 (quoting N.J.S.A. 2A:14-2(b)). We also

emphasized policy, reasoning that "were we to accept defendants' arguments that common law claims only are viable if there is a cognizable CSAA claim, then child victims who are sexually assaulted by another minor would be foreclosed from bringing common law causes of action." Id. at 61. The plaintiff's claims thus withstood the motion to dismiss. Id. at 62.

Applying our analysis in C.V.O., we first note that the revival statute expressly applies to "an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1)." N.J.S.A. 2A:14-2(b). And, we are aware from the legislative history that in enacting the supplementary two-year revival statutes of limitations, the CVA opened the door for previously time-barred common-law claims stemming from sexual assault. Governor's Signing Statement to S. 477 (May 13, 2019). Notably, the plain language of the Act encompasses not only sexual assaults, but "an action at law for an injury resulting from the commission of sexual assault." N.J.S.A. 2A:14-2b(a) (emphasis added). And, we are persuaded that plaintiff's negligent-supervision claim is precisely the type of claim the Legislature intended to cover under the revival statute because the CVA was enacted to greatly increase the

ability of victims of sexual abuse to pursue justice through the court system. W.S., 252 N.J. at 524.

Here, plaintiff asserts defendants were at fault for failing to stop the sexual assaults she suffered, at the hands of her classmates, while at school. Plaintiff specifically claims Sister Catherine observed a sexual assault, failed to stop it, and later shamed her by telling her to go and clean herself up. We do not read the statute to require that plaintiff allege sexual assault only, precisely because the language permits legal action for injuries "resulting from" the commission of sexual assault. N.J.S.A. 2A:14-2(b). Plaintiff, therefore, is not required to allege sexual assault by defendants' employees; clearly, this is not her claim. Plaintiff's claim is that she suffered injuries resulting from the sexual assaults allegedly perpetrated by others whom defendants failed to properly supervise. Defendants' legal argument misconstrues the issue. Sexual abuse is only one of the four categories into which plaintiff's claims may fall to enjoy revival under N.J.S.A. 2A:14-2(b). Plaintiff's complaint clearly falls within the category of "an action at law for an injury resulting from the commission of sexual assault." Ibid.

Defendants further assert that plaintiff's allegations are insufficient to identify an underlying sexual crime in New Jersey and that a revived claim under

the CVA could not rely on "passive abuse" by Sister Catherine or any other adult member of the Church's staff. They contend that the extension of the statute of limitations is only for "injuries resulting from the commission of sexual assault." Defendants are essentially arguing that if defendants observed a sexual assault of a child, they cannot be held liable because they did not commit the sexual assault. They maintain "it was not alleged that [Sister Catherine] or any adult actively abused [plaintiff] in any way. Further, there are no facts to suggest that [Sister Catherine] aided or abetted the minor abusers by way of assistance or support in the commission of the assault" and conclude "New Jersey's criminal sexual assault statutes . . . do not apply to those instances where passive abuse is alleged."

We reject these arguments because although plaintiff is not alleging sexual assault by defendants or their employees, her claims for injuries resulting from the commission of sexual assaults is squarely covered by the statute's plain language. The alleged assaults, including allegations of touching and digital penetration by plaintiff's classmates, irrefutably falls within the enumerated offense of a "commission of sexual assault," even though perpetrated by a minor. See N.J.S.A. 2C:14-2(a).

Defendants have misinterpreted plaintiff's argument on aiding and abetting. In her brief, plaintiff's only discussion of N.J.S.A. 2C:14-2(a)(5) was to argue that each minor student's act of sexual assault was aided and abetted by the other minor students involved in the sexual abuse, to conclude that the abuse met the statutory definition of aggravated sexual assault. Based on defendants' brief and argument at the hearing, it is clear defendants believed plaintiff had argued Sister Catherine had aided and abetted the minor classmates in their commission of the assault on plaintiff. We see no evidence in plaintiff's brief to suggest such an argument. Plaintiff's sole claim directed at Sister Catherine is her claim of negligent supervision. Thus, we need not address defendants' argument that Sister Catherine did not aid and abet the minor classmates. Plaintiff never claimed that she did.

Further, contrary to defendants' argument, the common-law allegations made by plaintiff relate to "an injury resulting from the commission of a sexual assault," as permitted under the CVA. Plaintiff's complaint alleges that Sister Catherine "permitted and acquiesced in the sexual abuse of [plaintiff] on school grounds." Plaintiff also "alleges personal physical injury damage claims, as well as other damage claims related thereto, as a result of her childhood sexual abuse." Specifically, plaintiff alleges that, in the presence of Sister Catherine,

21

fellow students "put her in a choke hold, covered her mouth, held her arms and legs, and took turns touching her breasts and forcefully inserting their fingers into her vagina."

Defendants further argue the phrase in the CVA that limits recovery to "commission of sexual, [or] any other crime of a sexual nature," suggests that the underlying "sexual assault" must be a crime. While, generally, crimes may be committed only by adults, we read this remedial legislation broadly to cover the acts alleged in plaintiff's complaint. N.J.S.A. 2A:4-44; see Douglas v. Harris, 35 N.J. 270, 279 (1961).

Additionally, defendants' argument ignores that in 1978, when the assaults are alleged to have occurred, a juvenile could be waived to adult court and convicted of a crime at the age of fourteen or above. See generally State v. R.G.D., 108 N.J. 1, 6-7 (1987) (explaining that in 1977, the juvenile waiver statute was amended to permit the waiver of juveniles fourteen years old or older to adult court). Thus, plaintiff did not have to establish the perpetrators were eighteen to establish they had committed a sexual assault under N.J.S.A. 2C:14-2. Significantly, we cannot ignore that juvenile adjudications are based on findings that a juvenile committed an offense which, if committed by an adult,

would constitute a crime.  See State in the Int. of M.P., 479 N.J. Super. 492, 499 (App. Div.), petition for certif. filed, No. 089881 (Sept. 23, 2024).

The CVA does not require a criminal conviction for a sexual assault or for any crime.  Instead, it extends the statute of limitations for actions for an injury resulting "from the commission of sexual assault [and] any of crime of a sexual nature."  A juvenile can commit a sexual assault in violation of N.J.S.A. 2C:14-2 and can be adjudicated a delinquent for having done so.  Thus, a juvenile's violation of N.J.S.A. 2C:14-2, even where it does not result in a criminal conviction, constitutes the "commission of a sexual assault" within the CVA's plan language.

In Hardwicke v. American Boychoir School, the Court addressed the language of the CSAA, finding that it applied to "any civil action . . . based on sexual abuse."  188 N.J. 69, 100 (2006).  Since the statute was not restricted to civil actions arising under the CSAA, the Court held that "a plain reading of the statutory language indicates that 'any civil action' includes any common-law claims based on conduct that falls within the definition of sexual abuse . . . ."  Ibid.  In Hardwicke Court further observed that "[t]he CSAA thus establishes two classes of abusers:  those persons who inflict the abuse (active abusers), and those persons who stand in loco parentis within the household who know of the

23

abuse and who fail to protect the child (passive abusers)." Id. at 86. It also established that schools should be considered in loco parentis for the purposes of a negligent-supervision claim based on the sexual abuse of a minor by an employee of the allegedly negligent institution. Id. at 90-91, 100-01.

In Wild v. Carriage Funeral Holdings, Inc., the court repeated our well-established standard of review when considering an order on a motion to dismiss, recognizing the court should "search[ ] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim.'" 458 N.J. Super. 416, 423 (App. Div. 2019).

With these principles in mind, plaintiff's action is an "action at law for an injury resulting from the commission of sexual assault." N.J.S.A. 2A:14-2(b). It is clear that plaintiff pled an action that included the commission of a sexual assault and is seeking damages for the injuries stemming from that assault. Thus, pursuant to the CVA, her negligence claims are viable and no longer time-barred.

As the court explained in C.V.O., "were we to accept defendants' arguments that common law claims only are viable if there is a cognizable CSAA claim, then child victims who are sexually assaulted by another minor would be

foreclosed from bringing common law causes of action."  477 N.J. Super. at 49. We are convinced that that result would be antithetical to the legislative intent supporting the revival statute.  We find no support for such a narrow reading of the statute in view of the plain statutory language or clear legislative intent, "as illuminated by the Legislature's stated desire to expand the rights of victims of sexual assaults and other sexual misconduct."  E.C. by D.C. v. Inglima-Donaldson, 470 N.J. Super. 41,  47 (App. Div. 2021).  As noted in W.S., 252 N.J. at 524, the purpose of the CVA was to greatly increase the ability of victims of sexual abuse to pursue justice through the court system.  This purpose is highlighted in the legislative history:  "I cannot deny victims the ability to seek redress in court for sexual abuse that often leaves trauma that lasts a lifetime." Governor's Signing Statement to S. 477 (May 13, 2019).

Because plaintiff timely filed her complaint on November 29, 2021, within the two-year window authorized by the CVA, N.J.S.A. 2A:14-2(b), and alleged cognizable common law causes of action derived from the alleged sexual assaults by her classmates, we reverse the dismissal order and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

25

A-3100-22